IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROSA HORACE, as Personal
Representative of the Estate of
EMMA J. GRANBERRY, DECEASED

    Plaintiff,

vs.

HARTFORD INSURANCE
COMPANY OF THE MIDWEST,

    Defendant.
_____/

Case No. 6:20-cv-2349-Orl-22DCI

**PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION FOR ATTORNEY FEES AND COSTS**

Plaintiff, ROSA HORACE, as Personal Representative of the Estate of EMMA J. GRANBERRY, DECEASED, files her Response to Defendant's "Motion for Entitlement to Attorneys' Fees and Costs Fla. R. Civ. P. 1.442, 1.525, and Fla. Stat. §768.79" and states:

**SUMMARY OF THE ARGUMENT**

**Attorney Fees:** Hartford is not entitled to attorney fees. Hartford's "Proposal for Settlement" is fatally flawed and cannot form the basis for the sanction of attorney's fees for the following reasons. First, the "Proposal" was made to Rosa Horace, *sui juris*, not in her capacity as personal

represenative of the Estate of Emma J. Granberry, the plaintiff in this action. The Proposal is also fatally ambiguous and contains impermissible terms. There is inherent conflict between the langauge of the Proposal and the mandatory, overbroad Release. There was also no way of knowing how much of the proposed amount was for the claim, and how much was for the extrinsic items contained in the Release. Finally, the Proposal does not entitle Hartford to fees based on the plain language of § 768.79, Fla. Stat.

**Costs:** Plaintiff does not dispute that Hartford Insurance Company of the Midwest is entitled to prevailing party, taxable costs. Plaintiff disputes the amount of costs Defendant allegedly incurred and is claiming.

## Background and Facts

A timeline will assist the Court:

| | |
|---|---|
| 04/27/16 | Hartford issued a homeowners insurance policy to Emma J. Granberry, with effective dates of 4/27/16 to 4/27/17 [Doc. 1-3 at p. 5-87]. |
| 01/08/17 | Emma J. Granberry passed away. |
| 01/15/17 | Hartford assigned date of loss for plumbing problem. |
| 01/27/17 | Harford amended the homeowners insurance policy to insure "Estate of Emma J. Granberry" [Doc. 1-3 at page 88-89]. |
| 11/02/18 | Hartford denied coverage for the claim. The coverage denial was addressed to "Estate of Emma J. Granberry" [Doc. 43-1]. |
| 02/10/20 | Rosa Horace filed suit in Florida state court asserting that Hartford improperly denied coverage for the Claim [Doc. 1-1]. |

| | |
|---|---|
| 03/13/20 | Hartford moved to dismiss the Complaint, or for a more definite statement, on the grounds that it issued the policy to Emma J. Granberry, later endorsed to revise the named insured to "Estate of Emma J. Granberry" [Doc. 43-2]. |
| | Hartford argued that Rosa Horace "lacks standing to bring this lawsuit against Hartford." |
| | Hartford argued: "[T]his lawsuit was filed by Rosa Horace *sui juris* and there is no documentation that Rosa Horace was an authorized representative for the Named Insured at the time of the loss or the personal representative of the Estate of Emma J. Granberry." |
| | Hartford argued Rosa Horace had no insurable interest in violation of § 627.405, Fla. Stat., and therefore "It is clear on the face of the pleadings that Plaintiff did not have an insurable interest at the time of the loss. As such, Plaintiff lacks standing." |
| 6/22/20 | Even though Hartford had filed a motion to dismiss for Rosa Horace filing suit *sui juris* rather than in a representative capacity, Hartford served an "Inclusive Proposal for Settlement" with a mandatory release to Rosa Horace, *sui juris* [Doc. 42-1]. |
| 08/27/20 | The parties filed a joint stipulation for leave to amend the original complaint, substituting "Rosa Horace as Personal Representative of the Estate of Emma J. Granberry, Deceased" for Rosa Horace, *sui juris* [Doc. 43-3]. |
| 10/26/20 | The Florida state trial court entered an Order on the joint stipulation, and the Amended Complaint was deemed filed as of this date. |
| | The Order also directed the clerk of court "to amend the Court Caption to reflect Plaintiff's correct name as ROSA HORACE as Personal Representative of the Estate of Emma J. Granberry, deceased" [Doc. 43-4]. |
| 10/26/20 -present | Although Hartford was the genesis for changing the party plaintiff through its motion to dismiss, Hartford never served an offer of judgment (or proposal for settlement) to Rosa |

|  |  |
|---|---|
|  | Horace as Personal Representative of the Estate of Emma J. Granberry, deceased. |
| 12/22/20 | Harford filed a petition for removal [Doc. 1]. |
|  | The caption identified the Plaintiff as ROSA HORACE as Personal Representative of the Estate of Emma J. Granberry, deceased [Doc. 1 at p.1]. |
|  | The petition acknowleged the party plaintiff was Rosa Horace as Personal Representative of the Estate of Emma J. Granberry, deceased, not Rosa Horace *sui juris* [Doc. 1 at p.2, ¶ 4]. |
|  | The petition included the federal civil cover sheet, wherein Hartford identified the plaintiff as "ROSA HORACE, as PR of the Estate of Emma J. Grandberry [sic], deceased" [Doc. 2-1]. |
| 08/19/22 | This Court entered summary judgment finding no coverage for Plaintiff's claim [Doc. 40]. |
| 08/22/22 | Judgment was entered in favor of Hartford, finding Hartford is entitled to costs [Doc. 41]. |
| 09/06/22 | Hartford filed its motion for attorneys' fees and costs. |
|  | Hartford did not provide any supporting documentation regarding the amount of costs claimed. Instead, Hartford ambiguously states it "will produce" appropriate records in support of the amount of costs it is seeking. |
|  | Hartford's alleged basis for attorneys fees is the proposal for settlement it served to Rosa Horace, *sui juris*, in the state court action. |

**Law and Argument Regarding Attorney Fees**

Hartford's claim for entitlement to attorney's fees rests upon § 768.79, Fla. Stat., "Offer of judgment and demand for judgment." Hartford's "Proposal for Settlement" it served to Rosa Horace, *sui juris*, does not satisfy the requirements of the statute.

4

## I.  The Proposal Was Served Upon Rosa Horace, *Sui Juris*.

To be clear: § 768.79(2) Fla. Stat. states, in pertinent part: "An offer must… Name the party making it and the party to whom it is being made." Rosa Horace, *sui juris*, was the party to whom the offer was being made. Rosa Horace as Personal Representative of the Estate of Emma J. Granberry was not a "party" at the time the offer was made.

Plaintiff, the Personal Representative, is party to this action whom Hartford obtained judgment against.[1]  Rosa Horace, *sui juris*, has never been a party to this federal court proceeding. Hartford moved to dismiss the lawsuit because Rosa Horace, *sui juris*, lacked standing, yet Hartford still served *her* with the Proposal. Once Hartford stipulated to substitute the proper party and the Trial Court ordered substitution, Hartford did not serve a new proposal for settlement on the Personal Representative.

The Personal Representative could never be bound by an offer that was not made to her. *Sec. Professionals, Inc. By & Through Paikin v. Segall*, 685 So. 2d 1381, 1383 (Fla. 4th DCA 1997) ("As a general rule, parties that are not included in a stipulation for settlement cannot be

---

[1]  In the present judgment, the Clerk changed the caption to remove Rosa Horace's representative capacity for the estate, and the body of the judgment simply says "Plaintiff Rosa Horace shall take nothing on her claims and Defendant Insurance Company of the Midwest is entitled to costs" [Doc. 41]. Plaintiff has moved this Court to amend the judgment to reflect her proper capacity [Doc. 43].

5

bound by its provisions."). And, a proposal made to Rosa Horace, *sui juris*, before Hartford stipulated to the amendment to reflect the proper party, cannot form the basis for 768.79 attorney fees. In *Hibbard ex rel. Carr v. McGraw*, 918 So. 2d 967 (Fla. 5th DCA 2005), the court held:

> **In this case, the defendants served their proposal to "Plaintiff, Amanda K. Carr"** *before* **moving to amend the pleadings to show Carr as the "sole" plaintiff. At the time the defendants served their proposal, "Plaintiff, Amanda K. Carr" was** *not* **the named plaintiff.** In addition, given the defendants' position that Carr was the *sole* plaintiff, it is unclear whether the proposal to settle "*all* claims against the Defendants" included all damages of any kind arising out of the accident (Carr's claims as well as the claims of her mother) or only Carr's claims for future medical expenses, (future lost earning capacity and pain and suffering) and not her mother's claims (medical expenses and loss of consortium).
>
> **The defendants' proposal for settlement was therefore unclear and ambiguous. Accordingly, the defendants were not entitled to an award of attorney's fees under section 768.79.**

*Hibbard* at 971–72, boldface added, italics in original.

The stipulation for substitution of the proper party had the effect of Rosa Horace, *sui juris*, being voluntarily dismissed from the state court action. Once she was dismissed, the proposal for settlement could not be enforced against her. *MX Investments, Inc. v. Crawford*, 700 So. 2d 640, 642 (Fla. 1997) ("Thus, only when a plaintiff's voluntarily dismissal is with

6

prejudice or is a second voluntary dismissal is the defendant entitled to attorney fees in accord with section 768.79, Florida Statutes (1991).")

If Hartford were to argue substitution of the Personal Representative constituted an adverse judgment against Rosa Horace, *sui juris*, then Hartford's fee claim is time barred since Hartford would have had to move for fees within 30 days of the substitution. Fla. R. Civ. P. 1.525.

## II.   The Proposal Contained Impermissible Conditions.

According to Hartford, Rosa Horace, *sui juris*, was required to execute a Release in order to accept its proposal:

> 4.   If accepted, ROSA HORACE shall execute the Release attached hereto as **Exhibit "A"** and shall authorize her counsel to enter into the Stipulation for Dismissal with Prejudice attached hereto as **Exhibit "B"** as to claims by ROSA HORACE in the above action.

[Doc. 42-1 at p.3]. This mandatory condition made the proposal invalid.

Recently, the Florida Supreme Court held:

> **Section 768.79, Florida Statutes (2021), does not provide for the inclusion of nonmonetary terms in a proposal for settlement. Instead, section 768.79 simply contemplates a comparison of monetary amounts**, with subsections (2)(c)- (d) of that statute providing only that a settlement offer must "[s]tate its total amount" and "[s]tate with particularity the amount offered to settle a claim for punitive damages, if any." *See also Diecidue v. Lewis*, 223 So. 3d 1015, 1022 (Fla. 2d DCA 2017) (Casanueva, J., concurring) ("**Where the legislature sought a straightforward proposal based upon the acceptance or rejection of a monetary amount, the allowance of nonmonetary conditions ... alters the dynamics envisioned by the legislature**.")

*In re Amendments to Florida Rule of Civil Procedure 1.442*, ___ So. 3d ___, 47 Fla. L. Weekly S137, 2022 WL 1679398 (Fla. May 26, 2022), emphasis added.[2]

Section 768.79 has never allowed for non-monetary conditions. In *Amador v. Walker*, 862 So. 2d 729, 731 (Fla. 5th DCA 2003), the Court recognized that the Florida Supreme Court requires an "apples to apples" comparison between the proposal and the ultimate result. Non-monetary terms cannot be measured against the monetary terms of a net judgment.

The rationale is simple. There is no way of knowing how much value Hartford placed on the water loss claim—if anything at all—and how much value Hartford placed on obtaining a Release. This was emphasized by the language of the Release itself, which stated that neither the Release nor the payment could be construed as an admission or concession regarding the "value of any issues(s) relating to the Loss Claim and/or Litigation" (sic), and that the payment was not consideration for the water loss claim, but "shall constitute the total consideration for this Release" [Doc. 42-1 at p.6].

### III. The Proposal's Release Was Overbroad, Created a Fatal Ambiguity, and Rosa Horace Could Not Have Signed the Release.

---

[2] All boldface emphasis is added, unless otherwise indicated

Section 768.79(2), Fla. Stat., states in part: "The offer shall be construed as including all damages which may be awarded in a final judgment." The proposal itself reflected this fact:

> 6. **The proposal resolves all damages that would otherwise be awarded to ROSA HORACE in a final judgment** in the action in which the proposal is served, including all taxable costs and attorneys' fees.

and

> 12. **Acceptance of this proposal resolves all claims for damages that would otherwise be awarded to ROSA HORACE in a final judgment** in the action in which the proposal is served, including expenses and reasonable attorneys' fees.

[Doc. 42-1 at p.4].

In case there was any question about the scope, the Proposal also stated it was to resolve all claims "presently pending":

> 5. The proposal is made in an attempt **to resolve all claims** of ROSA HORACE arising out of the claim at issue in Case No. 2020-CA-001492-O, **presently pending** in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, inclusive of all taxable costs and attorneys' fees.

[Doc. 42-1 at p.3, 4].

The Release indicated something entirely different, and required Rosa Horace to release Hartford:

> [F]rom the claim that she now has… as well as any and all claims for extra-contractual damages, bad faith, and/or statutory violations which arise from the Loss Claim, whether or not such claims were asserted, could have been asserted, or could arise and be asserted in the future."

9

[Doc. 42-1 at p.6]. Bad faith claims *could not* have been brought in this action, and could not be damages which were awarded in a final judgment in this action.

The Proposal was limited to existing claims in the action and damages available in a judgment in the action. The Release required release and discharge of so much more, including unaccrued, speculative, unknown, and extrinsic claims for extra-contractual damages; bad faith damages; and statutory damages. Courts determining the validity of 768.79 offers have repeatedly cautioned against including extrinsic claims in a release. For example, in *Nichols v. State Farm Mut.*, 851 So. 2d 742, 746 at n.3 (Fla. 5th DCA 2003), *approved "in full"*, 932 So. 2d 1067, 1080 (2006), the Court recognized:

> A proposal for settlement should not include conditions that, if accepted, would cause an offeree to give up a claim or right that it could not have otherwise lost in the litigation. *See Martin v. Brousseau,* 564 So. 2d 240 (Fla. 4th DCA 1990). Otherwise, an offeror might seek to use the coercive aspects of the offer of judgment statute to exact concessions not legally available. **When an offer contains as a condition a "general release," care should be taken to insure that the proposed release does not seek to extinguish claims that are extrinsic to the litigation.**

In *Zalis v. M.E.J. Rich Corp.*, 797 So. 2d 1289 (Fla. 4th DCA 2001), the Court held:

> **The condition that a plaintiff relinquish all rights to sue about anything at any point in the future is intrinsically a condition incapable of being stated with the particularity required under section 768.79 of the Florida Statutes**. **No reasonable estimate can be assigned to such a waiver.** The defendant's offer simply did not give the plaintiff a determinable value with which to weigh his chances at trial. **Though the defendant seems to fear future actions, there are other mechanisms to counteract such problems**....
>
> **If the condition is invalid, it follows that the whole offer is invalid as well.**

Zalis at 1290-91. Hartford's inclusion of any and all claims in its Release and Settlement Agreement was impermissibly broad, violated the plain language of § 768.79 Fla. Stat., and created a terminal conflict between what the claims the Proposal said it covered, and what the Release required.

Moreover, in analyzing Hartford's Proposal, Plaintiff had no way of knowing what net proceeds she would receive under the offer. Insurance proceeds to repair a home are not a taxable event; however, amounts given as consideration for things *other than* "damages that would otherwise be awarded in a final judgment in the action" are taxable events. The financial weight Hartford afforded these non-monetary conditions, and the consequential taxable burden, was unknown to Plaintiff. See, by analogy, *Amos v. Commissioner of Internal Revenue,* 86 T.C.M. (CCH) 663; T.C. Memo 2003-329; 2003 WL 22839795 (T.C. Dec. 1, 2003), where the IRS

11

determined a full 40% of the entire settlement was allocated to taxable income. However, in that case, the IRS determined the "dominant reason in paying petitioner the settlement amount" was for the primary claim, not the taxable events. In this case—where Hartford repeatedly disclaimed all liability, and stated the amount of the Proposal "shall constitute the total consideration for this Release"— it is likely (but unknown) that the dominant reason for offering the settlement amount was *not* for the primary claim.

In this case, Hartford expressly stated the release and payment was not an admission of liability, fault, or value, leaving the question of how much of the proceeds were for the water loss claim, and how much was given as consideration for other, non-monetary, taxable items like the Release. The Release rendered the Proposal fatally ambiguous because Rosa Horace, *sui juris*, would never know how much she would net.

The Release is also an impermissible condition because Rosa Horace, *sui juris*, could not have signed the Release. The Release required that it be "Sworn to and subscribed" before a notary public [Doc. 42-1 at p.7]. The Release required Plaintiff to swear: "ROSA HORACE has the sole right to said payment and exclusive authority to execute this RELEASE" [Doc. 42-1 at p.6]. Yet, Hartford *knew* she was not the proper party, *knew* that she was

12

not the named insured under the policy, *knew* that she didn't properly have standing, and *knew* that she did not have the sole right to payment and exclusive authority to execute the Release. Hartford had previously moved to dismiss the lawsuit on those very grounds.

Hartford knew that she did not have "sole right" to the payment, because Hartford said it would make the payment to "ROSA HORACE **and** Morgan & Morgan P.A." and that the payment "**including** any mortgage companies bearing a property interest in the insured premises..." was the total consideration for the Release [Doc. 42-1 at p.6]. The Policy declarations showed that Hartford knew there was a mortgagee [Doc. 1-3 at p. 89] and pursuant to the Policy's mortgage clause, the mortgagee was *required* to be a loss payee [Doc. 1-3 at p. 48].

Hartford's requirement to make a false statement under oath about Rosa Horace, *sui juris*, having the sole right to payment and exclusive authority to execute the Release required Rosa Horace to commit perjury. Section 837.02(1), Fla. Stat., states in pertinent part:

> [W]hoever makes a false statement, which he or she does not believe to be true, under oath in an official proceeding in regard to any material matter, commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

**IV. The Proposal Failed to Comply with the Plain Requirements of § 768.79, Fla. Stat.**

The *only* thing that would ever entitle Hartford to attorney's fees is contained in § 768.79, Fla. Stat. Hartford's Proposal does not comply with the requirements of the Statute. The Statute has never allowed non-monetary conditions like a release.

Also, the statute does not allow a "proposal" to act as a monetary sanction. Hartford did not offer a judgment to Plaintiff. The Legislature gave § 768.79 a very definite title: "**Offer of judgment** and demand for judgment." The statute is not called "Proposals for Settlement with a Release of Extrinsic Claims."

Only § 768.79(1) and (6)(a), Fla. Stat., provide the mechanism for Hartford to recover attorney's fees. Like the title says, § 768.79(1), Fla. Stat. *requires* an *offer of judgment*:

> In any civil action for damages filed in the courts of this state, if a defendant files **an offer of judgment** which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred.

This language, which *must* be strictly construed as being in derogation of the common law, only allows fees and costs if Hartford has filed "an offer of judgment."

There is a sharp distinction between proposing to settle a case and offering a judgment. Judgments are practical. Judgments can be executed upon without further judicial intervention. A doctor with three medical

malpractice judgments forfeits his license to practice medicine (Article X, § 26, Florida Const.). Judgments can affect one's credit rating or ability to get financing. Judgments are quickly enforceable, bearing great weight. <u>An insurer must pay a judgment within 60 days after becoming final, or the state can suspend or revoke an insurer's certificate of authority under § 624.418(1)(c), Fla. Stat.</u>  Judgments have consequences, offers do not.

Until the language of § 768.79 changes, and as long as such language has to be strictly construed, Hartford's "proposal for settlement" to Rosa Horace, *sui juris*, with an impermissible condition of an overbroad Release with conflicting terms is not sufficient to penalize the Personal Representative with attorney's fees and costs.

**Law and Argument Regarding Costs**

Plaintiff does not dispute that Hartford Insurance Company of the Midwest is entitled to prevailing party, taxable costs against the Estate of Emma J. Granberry, Deceased. These taxable costs cannot be charged against Rosa Horace, *sui juris*. *Johnson v. Schneegold*, 419 So. 2d 684, 685 (Fla. 2d DCA 1982) ("No authority has been cited to us, nor have we found any, which supports the proposition that in the absence of an authorizing statute, costs may be recovered against persons represented in an action

15

who are not actually parties to that action."); *Prieto v. Total Renal Care, Inc.*, 18-21085-CIV, 2022 WL 464908 at *4 (S.D. Fla. Jan. 10, 2022), *report and recommendation adopted*, 18-21085-CIV, 2022 WL 464274 (S.D. Fla. Feb. 15, 2022).

28 U.S.C. § 1920 requires a bill of costs to be filed in the case. Hartford's "Table of Taxable Costs" is so incomplete that neither Plaintiff nor the Court can ascertain whether the claimed schedule of costs are actually taxable or not. For example, with regard to every deposition listed by Defendant, one cannot ascertain whether the claimed costs include deposition exhibits, delivery charges, postage costs, condensed transcripts, etc., which are not recoverable. *Henderson v. Home Depot U.S.A., Inc.*, 8:04-CV-2382T24TGW, 2006 WL 4978430, at *4 (M.D. Fla. July 6, 2006).

It is unknown what Defendant's claim of "Defense Expert Costs" is, and whether the claimed amount includes non-taxable costs. Hartford's category of "Other" is undecipherable and Plaintiff does not know if these costs are allowed by 28 U.S.C. § 1920 or not. Mediation costs are clearly not recoverable:

> Finally, the Court agrees with Plaintiff that **mediation costs are not recoverable under 28 U.S.C. § 1920**. *Scelta,* 203 F.Supp.2d at 1339; *Manriquez v. Manuel Diaz Farms, Inc.,* 2002 WL 1050331, *3 (S.D. Fla. May 23, 2002); *George v. GTE Directories, Corp.,* 114 F.Supp.2d 1281, 1300 (M.D. Fla. 2000).

16

*Henderson, supra,* at *6. Therefore, Plaintiff has no choice but to object to the "Table of Taxable Costs" in its entirety, until an appropriate bill of taxable costs is filed.

## Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed via E-Filing Portal system which will send electronic notice to: Carolin A. Pacheco, Esquire, Danielle N. Robinson, Esquire and Michael A. Packer, Esquire of Marshall, Dennehey, Warner, Coleman & Goggin, (capacheco@mdwcg.com) on this 20th day of September 2022.

_____
Mark A. Nation
Board Certified Civil Trial Attorney
Board Certified Business Litigation Attorney
Florida Bar No.: 968560
The Nation Law Firm
570 Crown Oak Centre Drive
Longwood, FL 32750
Phone: (407)339-1104
Fax: (407)339-1118
Email: bhirt@nationlaw.com (Primary)
mnation@nationlaw.com;
ppritchard@nationlaw.com (Secondary)
Attorney for Plaintiff