IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROSA HORACE, as Personal
Representative of the Estate of
Emma J. Granberry, deceased,        CASE NO.: 6:20-cv-2349-Orl-22DCI

    Plaintiff,
v.

HARTFORD INSURANCE COMPANY
OF THE MIDWEST,

    Defendant.
_____/

### DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR ATTORNEY'S FEES AND COSTS

Defendant, HARTFORD INSURANCE COMPANY OF THE MIDWEST ("Hartford"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 54 and Local Rule 7.01 as well as Florida Statute §§ 768.79 and 57.041, hereby files this Reply in Support of Defendant's Motion for Attorney's Fees and Costs against Plaintiff, ROSA HORACE, as Personal Representative of the Estate of Emma J. Granberry [D.E. 42], and in support thereof, states as follows:

Hartford did not ask for this dispute. Plaintiff sued Hartford for homeowner's insurance benefits under the Policy. From the outset, Hartford repeatedly tried to curtail the litigation and its resulting attorney's fees and costs, but Plaintiff resisted. Those efforts and Plaintiff's rejection of those efforts, continued right up to the time of the Court's Order of Summary Judgment [D.E.

40] entered in Hartford's favor. Early on in the litigation, Plaintiff declined Hartford's proposal for settlement, forcing Hartford to incur significant additional fees and costs litigating this matter. Plaintiff raised no valid arguments in her Response to Hartford's Motion for Attorney's Fees and Costs and as such, Hartford's Motion should be granted.

## MEMORANDUM OF LAW

**A.  The Proposal for Settlement Served upon Rosa Horace is Valid as to Rosa Horace, as Personal Representative of the Estate of Emma J. Granberry, deceased.**

With regard to the proposal for settlement served upon Rosa Horace, Plaintiff argues that because it was served upon Rosa Horace, *sui juris*, prior to the filing of the amended complaint, it is not valid.  Plaintiff asserts that Plaintiff Rosa Horace, as Personal Representative of the Estate of Emma J. Granberry, deceased, was not yet a "party" at the time the offer was made. However, this is not an accurate statement of the case posture or the Order entered correcting Plaintiff's name in this litigation pursuant to the joint stipulation of the parties.

At the time that proposal for settlement was made, it is clear that Rosa Horace was acting in her capacity as legal representative for the policyholder's estate, even if not expressly named in that capacity.  There is no dispute that she had the authority to accept the proposal and settle the claims within this litigation at that time.  The proposal for settlement was clearly intended to run in favor of Plaintiff, and had it been accepted, there is no dispute that it would have been enforced in her favor.

Plaintiff initially filed a complaint in her own name, Rosa Horace, seeking benefits owed under the Policy issued to the Estate of Emma J. Granberry, deceased. Hartford filed a Motion to Dismiss the complaint, arguing that Rosa Horace was not the policyholder and, thus, lacked standing to pursue the matter, *sui juris*. While this Motion was pending, Hartford propounded its proposal for settlement. Thereafter, in response to Hartford's Motion to Dismiss, the parties stipulated that the Complaint would be amended to reflect Plaintiff's correct name as "ROSA HORACE as Personal Representative of the Estate of Emma J. Granberry, deceased." Plaintiff now argues that the Order amending the plaintiff name "had the effect of" summarily dismissing the original plaintiff. Not so.

For purposes of this proposal for settlement and lawsuit, Rosa Horace and Plaintiff Rosa Horace as representative of the estate are one and the same. In order to be entitled to potential benefits under the Policy, Rosa Horace had to be the "legal representative" of the deceased in whose name the Policy was issued. Procedurally, the proper way for Hartford to clarify this issue when Plaintiff initially refused to voluntarily alter her complaint was to file the Motion to Dismiss. Correcting the Plaintiff's name did not change the nature of Plaintiff's case, but was a mere technicality akin to an amendment by interlineation.

In addition to being incredibly self-serving to now say that the proposal for settlement is not valid against Plaintiff, it would be highly prejudicial to Hartford when it was Plaintiff who filed the lawsuit under the wrong name. In this regard, had Hartford filed a new proposal for settlement after Plaintiff's name was

3

corrected, as she seems to suggest it should have, Hartford would have been deprived of laying claim to entitlement to fees for over 6 months – the time that passed between Hartford's Motion to Dismiss (filed in March 2020) and the date the State Court finally entered its Order on the parties' Joint Stipulation (entered October 2020). Plaintiff cannot both wrongly file suit and then benefit from her mistake.

### B. The Proposal for Settlement Complies with the Requirements of 768.79, Florida Statutes (2020) and Rule 1.442 (2019), which Apply to this Case.

Plaintiff suggests that the 2021 version of section 768.79 and Rule 1.442, as amended by the Florida Supreme Court in 2022, apply to this case. With these changes, defendants can no longer require that a settlement release be attached or signed with a proposal for settlement. Prior to the amendment, it was customary for defendants to attach a proposed settlement release to the proposal, which indicated the release must be signed as a condition of the proposal. *See Lucas v. Calhoun*, 813 So. 2d 971, 973 (Fla. 2d DCA 2002).[1] However, at the time that the proposal for settlement was filed, the 2020 version of the Statute and Rule effective

---

[1] *See also Ledesma v. Iglesias*, 975 So.2d 1240, 1243 (Fla. 4th DCA 2008) (finding no ambiguity in a proposal that required the offerees to sign a general release, a no-lien affidavit, and a hold harmless agreement, since even though the offerees "argue the language used is confusing, looking at the document as a whole, … the language of the release is clear and unambiguous."); *1 Nation Tech. Corp. v. A1 Teletronics, Inc.*, 924 So.2d 3 (Fla. 2d DCA 2005) (noting that… the offer contained the necessary particularity in its nonmonetary terms and conditions since, when read as a whole, it unambiguously applied to all claims pending in the case).

4

Jan. 1, 2019 applied.[2]  Contrary to Plaintiff's suggestions otherwise, neither prohibited non-monetary conditions in proposals for settlement.[3]

Plaintiff further argues the proposal for settlement was invalid because it was overbroad and ambiguous. The only support for such an argument is the fact that it attached a proposed Release and Settlement Agreement, which included a general release of all claims, including claims for property damages, extra-contractual damages, bad faith, and/or statutory violations arising from the underlying claim.

In the past, Florida Courts have found general releases are allowed as a non-monetary term of a proposal for settlement. *See, e.g., State Farm Mut. Auto. Ins. Co. v. Nichols*, 932 So. 2d 1067 (Fla. 2006). Additionally, "given the nature of language, it may be impossible to eliminate all ambiguity" in a release. *Id.* at 1079. The standard for whether a proposal for settlement contains a fatal ambiguity is whether the proposal (and incorporated release) is sufficiently clear and definite

---

[2] It is well-settled Florida law that an offer of judgment statute, entitling defendant to reasonable costs and attorney fees if plaintiff rejects an offer of judgment and defendant prevails, is substantive. *Davis v. Clark*, Fla.App. 2 Dist., 326 So.3d 781 (2021). A statute that affects substantive rights is presumed to apply prospectively. *Arrow Air, Inc. v. Walsh*, 645 So. 2d 422, 425 (Fla. 1994). In addition, the Supreme Court expressly indicated that its amended Rule only applies to suits a filed after the law became effective on July 1, 2022, and it is not retroactive. This suit was filed in early 2020.

[3] *See* Rule 1.442(c) (effective January 1, 2019), which states that a proposal must "state with particularity any relevant conditions; (D) state the total amount of the proposal and state with particularity all nonmonetary terms of the proposal."

to allow the offeree to make an informed decision without needing clarification. *Hoang Dinh Duong v. Ziadie, 153 So. 3d 354 (Fla. Dist. Ct. App. 4th Dist. 2014).*[4]

Here, Hartford's proposal for settlement and release served upon Plaintiff is sufficiently clear and definite. There is no ambiguity which would reasonably affect Plaintiff's decision to accept it. Instead, the language was standard release language that did not render the proposal invalid. [5]

### C. Hartford's Bill Of Costs is Appropriate.

Finally, regarding Hartford's Table of Taxable Costs, Hartford has provided its best estimate of the amount sought per Local Rule 7.01. Upon the entry of an Order determining entitlement, Hartford shall file its Supplement Motion of Amount and supporting documentation in compliance with 28 U.S.C. § 1920.

WHEREFORE, Defendant, HARTFORD INSURANCE COMPANY OF THE MIDWEST, respectfully requests that this Court enter Judgment finding HARTFORD to be entitled to attorney's fees and costs payable by Plaintiff.

---

[4] *See also Alamo Financing, L.P. v. Mazoff,* 112 So. 3d 626 (Fla. 4th DCA 2013) ("Traditionally, general releases have included expansive language designed to protect the offeror from unforeseen developments or creative maneuvering by the other party. Such language can be sufficiently particular to satisfy rule 1.442....The rule aims to prevent ambiguity, not breadth.").

[5] Further, it is apparent that the question of how much Plaintiff would net from the proposal is immaterial to whether the proposal was overbroad or ambiguous. To the extent Plaintiff is arguing the proposal for settlement was not made in good faith, *see Citizens Prop. Ins. Corp. v. Perez*, 164 So. 3d 1 (Fla. 4th DCA 2014) (insurer faced only nominal exposure on insured's claim arising out of insurer's refusal to pay for alleged hurricane damage, and thus insurer's $1,000 settlement offer was made in good faith for purposes of entitlement to attorney fees under the offer of judgment statute and rule after entry of summary judgment in insurer's favor, where insured did not report the alleged damage for nearly four years after it occurred.). *See also Ledesma v. Iglesias*, 975 So.2d 1240, 1243 (Fla. 4th DCA 2008).

Dated this 12th of October, 2022

                  **MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN, P.C.**

| | | |
|---|---|---|
| By | : | /s/ Carolin A. Pacheco |
| | | Danielle N. Robinson |
| | | Florida bar No.: 13291 |
| Primary | : | dnrobinson@mdwcg.com |
| | | Carolin A. Pacheco |
| | | Florida Bar No.: 117881 |
| Primary | : | capacheco@mdwcg.com |
| | | 315 E. Robinson Street, Suite 550 |
| | | Orlando, FL 32801 |
| | | Phone: (407) 420-4380 |
| Secondary | : | pleadingsftl@mdwcg.com |
| | | drrivera@mdwcg.com |
| Attorneys for | | *HARTFORD INSURANCE COMPANY OF THE MIDWEST* |

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true copy of the foregoing has been served on all counsel of record this 12th day of October, 2022.

                                      s/ Carolin A. Pacheco
                                      Carolin A. Pacheco