# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ROSA HORACE, as personal representative of the Estate of Emma J. Granberry, deceased,**

      **Plaintiff,**

v.                                                                       Case No: 6:20-cv-2349-ACC-DCI

**HARTFORD INSURANCE COMPANY OF THE MIDWEST,**

      **Defendant.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Defendant's Motion for Entitlement to Attorney Fees and Costs (Doc. 42)** |
| **FILED:** | **September 6, 2022** |
| | |
| **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**. | |

On February 10, 2020, Rosa Horace filed a Complaint for breach of an insurance contract against Defendant in state court—*Rosa Horace v. Hartford Insur. Co. of the Midwest*, Case No. 2020-ca-1492. Doc. 1-1. On March 13, 2020, while the matter was still in state court, Defendant filed a motion to dismiss the complaint because Plaintiff—named as Rosa Horace—did not have an insurable interest in the insured premises at the time of the alleged loss and, therefore, lacked standing to bring suit. Doc. 43-2 at 1-8. Defendant asserted that the insurance policy was issued

to Emma J. Granberry or the Estate of Emma J. Granberry and Defendant "has received no documentation indicating who serves or served as the personal representative. . .." *Id*.

The motion remained pending and on June 22, 2020, Defendant served an "Inclusive Proposal for Settlement to Plaintiff" that was directed to "Rosa Horace." Doc. 42-1 (the Proposal for Settlement). Defendant states that the Proposal of Settlement was not accepted within 30 days and, thus, lapsed and was deemed rejected as of July 22, 2020. Doc. 42 at 3. On August 27, 2020, the parties filed a joint stipulation for leave to amend the complaint, wherein the parties moved the state court "to allow Plaintiff to file an Amended Complaint reflecting Plaintiff's correct name as 'ROSA HORACE as Personal Representative of the Estate of Emma J. Granberry, deceased'" and attached the amended pleading. Doc. 43-3. On September 19, 2022, the state court entered an order and deemed the amended pleading filed, directed Defendant to respond, and directed the clerk to amend the caption "to reflect Plaintiff's correct name as ROSA HORACE as Personal Representative of the Estate of Emma J. Granberry, deceased." Doc. 43-4.

On December 22, 2020, Defendant removed the action to this Court. Doc. 1. Litigation ensued and, on August 19, 2022, the Court granted Defendant's Motion for Summary Judgment. Doc. 42. On August 22, 2022, the Clerk entered Judgment that "Plaintiff Rosa Horace take nothing on her claims and Defendant Hartford Insurance Company of the Midwest is entitled to costs." Doc. 41. On September 21, 2022, the Clerk entered an Amended Judgment that "Plaintiff Rosa Horace, as personal representative of the estate of Emma J. Granberry, deceased, take nothing on her claim, and Defendant Hartford Insurance Company of the Midwest is entitled to costs." Doc. 46.

Pending before the Court is Defendant's Motion for Attorney Fees and Costs. Doc. 42 (the Motion). Plaintiff filed a Response in Opposition (Doc. 44, the Response) and Defendant filed a

Reply to the Response (Doc. 49, the Reply). In the Motion, Defendant states that, pursuant to Florida Statutes section 768.79, a party has the right to attorney fees when the following prerequisites have been fulfilled: (1) a party has served a demand or offer for judgment and (2) that party has recovered a judgment at least twenty-five percent more or less than the demand or offer. Doc. 42 at 9. Defendant contends that it is entitled to attorney fees under Florida law since the Court entered judgment of no liability in its favor and Plaintiff failed to timely accept its "good faith Proposal for Settlement" for $1,000.00. *Id*. at 9-10.

In the Response, Plaintiff argues that the "Proposal for Settlement is fatally flawed" because the "'Proposal' was made to Rosa Horace, *sui juris*, not in her capacity as personal representative of the Estate of Emma J. Granberry, the plaintiff in this action." Doc. 44 at 1-2. Plaintiff also argues that the Proposal for Settlement is ambiguous and contains impermissible terms and fails to comply with section 768.79. Doc. 44.

The Eleventh Circuit has held that section 768.89 is "substantive law in diversity cases." *Focus Enters. v. Zassi Med. Evolutions, Inc.*, 2009 U.S. Dist. LEXIS 136872, at *4 (M.D. Fla. Sept. 10, 2009) (quoting *Menchise v. Akerman Senterfitt*, 532 F.3d 1146, 1150 (11th Cir. 2008)). "The statute applies 'to claims based on state law that are filed in federal court.'" *Id.* Plaintiff's breach of contract claim is based on Florida state law, the case was removed to this Court and, therefore, section 768.89 applies.

However, assuming *arguendo* the Proposal for Settlement is an offer of judgment under section 768.79, Plaintiff is correct that the proposal was directed at Rosa Horace, who was not named as personal representative of the estate at the time the offer was allegedly made and rejected. *See* Doc. 42-1. The Amended Judgment in this action specifies that "Plaintiff Rosa Horace, as personal representative of the estate of Emma J. Granberry, deceased, take nothing on her claim. . .

..." Therefore, the issue is whether an offer of judgment made to a *sui juris* individual entitles a party to fees under Florida law when the judgment of no liability pertains to the same individual but acting in the capacity as a personal representative. The Court is not so sure, and Defendant's Reply does not help the Court decide.

In the Reply, Defendant states that "[a]t the time the proposal for settlement was made, it is clear that Rosa Horace was acting in her capacity as legal representative for the policyholder's estate, even if not expressly named in that capacity." Doc. 49 at 2. Defendant argues that the proposal was "clearly intended to run in favor of Plaintiff" and "[c]orrecting the Plaintiff's name did not change the nature of Plaintiff's case, but was a mere technicality akin to an amendment by interlineation." *Id*. at 2, 3. But Defendant did not present any law in support of this argument. *See id*. at 2-4. Without citation to authority, the Court questions Defendant's characterization of the importance of Plaintiff's status as it relates to the issue of fees, especially since Defendant argued to the state court that the case should be dismissed for lack of standing. It might be that Defendant is right that the amendment was a "mere technicality," but the Court is not convinced on this record. Even though the issue was not raised until the Response was filed, this is Defendant's Motion, and it is insufficient.[1]

In addition to attorney fees, Defendant seeks $23,963.46 in costs. Doc. 42. Defendant states that "Rule 54 provides that the Clerk may tax costs on fourteen (14) days' notice." *Id*. at 5. Defendant also cites to Florida Statutes section 57.041 in support of the request. *Id*. The Motion includes a chart, entitled "Table of Taxable Costs," with categories and the amount claimed

---

[1] Defendant does provide some law in the Reply to address Plaintiff's remaining arguments regarding the substance of the Proposal for Settlement, but the Court finds it unnecessary to interpret the proposal when the capacity issue is outstanding.

totaling $23,963.46. *Id*. at 5-6. Defendant states that it "will produce the appropriate records and affidavits of timekeepers in support of the amount of attorneys' fees and costs. . .." *Id*. 6-7.

In response, Plaintiff does not dispute that Defendant is entitled as the prevailing party to taxable costs against the Estate of Emma J. Granberry, deceased. Doc. 44 at 15. Plaintiff contends, however, that Defendant's table is incomplete and that, pursuant to 28 U.S.C. § 1920, a bill of costs must be filed in this case. *Id*. at 16. Plaintiff states that Plaintiff "has no choice but to object to the 'Table of Taxable Costs' in its entirety, until an appropriate bill of taxable costs is filed." *Id*. at 17. Defendant replies that the table is "its best estimate of the amount sought per Local Rule 7.01" and "[u]pon the entry of an Order determining entitlement, [Defendant] shall file its Supplement Motion of Amount and supporting documentation in compliance with 28 U.S.C. § 1920." Doc. 49 at 6.

Defendant misreads the local rule. Local Rule 7.01 requires that a party must obtain an order on entitlement before a supplemental motion on the amount is filed as it relates to *non-taxable* costs. Local Rule 7.01(a) (emphasis added). The Motion addresses Defendant's taxable costs. Therefore, § 1920 and Federal Rule of Civil Procedure 54 apply. As such, to the extent Defendant seeks taxable costs, Defendant must file a bill of costs, and the procedures in Rule 54 apply.

Based on the foregoing, Defendant's Motion (Doc. 42) is **DENIED without prejudice**.

If Defendant seeks taxable costs, Defendant must file a bill of costs **on or before February 1, 2023**.

If Defendant seeks a ruling from the Court on the issue of entitlement to attorney fees and non-taxable costs, Defendant must file a renewed motion **on or before February 15, 2023**.

The Court will not consider a request for entitlement to attorney fees or costs filed after the foregoing deadlines. Prior to filing any motion concerning fees or costs, the parties must confer in person or via telephone of videoconference in a good faith effort to resolve any dispute. In any motion filed, the parties must state the nature and date of conferral, as well as whether the request is unopposed in whole or in part.

**ORDERED** in Orlando, Florida on January 24, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties